UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHESTER RAY WISEMAN,<br><br>           Plaintiff,<br><br>      v.<br><br>MATTHEW CATE, et al.,<br><br>           Defendants. | Case No.: 1:14-cv-00831-LJO-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTIONS FOR TEMPORARY RESTRAINING ORDERS<br><br>[ECF Nos. 17, 26] |

Plaintiff Chester Ray Wiseman is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On March 16, 2015, and April 9, 2015, Plaintiff filed motions for a temporary restraining order.  (ECF Nos. 17, 26.)

In both filings, Plaintiff seeks a temporary restraining order and a preliminary injunction to ensure that he receives proper Hepatitis C Interferon Treatment in a safe environment free of exposure and contraction of Valley Fever.  Plaintiff is proceeding against Defendants Biter and Trimble for alleged Eighth Amendment violations based on Plaintiff's alleged exposure to Valley Fever and arsenic tainted water.   Plaintiff contends he is entitled to a temporary restraining order requiring Defendants to arrange for an examination and a plan of treatment by a qualified specialist, and a preliminary injunction requiring Defendants to transfer Plaintiff to another prison that is not located in a Valley Fever endemic area.

1

## I.

## DISCUSSION

The analysis for a temporary restraining order is substantially identical to that for a preliminary injunction, Stuhlbarg Intern. Sales Co., Inc. v. John D. Brush and Co., Inc., 240 F.3d 832, 839 n.7 (9th Cir. 2001), and "[a] preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at 22 (citation omitted) (emphasis added).

In cases brought by prisoners involving conditions of confinement, any preliminary injunction must be narrowly drawn, extend no further than necessary to correct the harm the Court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm. 18 U.S.C. § 3626(a)(2).

The determination of whether Defendants were deliberately indifferent to Plaintiff relating to his exposure to Valley Fever and arsenic tainted water are disputed issues of fact that are the pivotal point of Plaintiff's claims. "In deciding a motion for a preliminary injunction, the district court is not bound to decide doubtful and difficult questions of law or disputed questions of fact." Int'l Molder & Allied Workers Local Union No. 164 v. Nelson, 799 F.2d 547, 551 (9th Cir. 1986). Certainly at this point in the action based on the limited record, the Court cannot resolve the factual dispute, and Plaintiff has not demonstrated a likelihood of success on the merits. Indeed, it is noteworthy that the relief Plaintiff is requesting is extensive and would require a very intrusive order concerning the provision of medical care and placement of inmates within the California Department of Corrections and Rehabilitation.

In addition, although the claims in this action are similar to those raised in the present motions, Plaintiff has not met the standard of showing irreparable harm. Plaintiff's allegations in the present motion are based on his claim that he is at high risk of contraction of Valley Fever because he suffers

from Hepatitis C and is presently housed at Kern Valley State Prison where Valley Fever is endemic. See City of Los Angeles v. Lyons, 461 U.S. 95, 101-102 (1983) (plaintiff must show "real and immediate" threat of injury, and "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief …. If unaccompanied by any continuing, present, adverse effects."). Plaintiff has not alleged an immediate threatened injury. Los Angeles Memorial Coliseum Comm'n v. Nat'l Football League, 634 F.2d 1197, 1201 (9th Cir. 1980).

Even if Plaintiff could show that the balance of hardship tips in his favor, this factor alone, absent a showing of likelihood of success on the merits and irreparable injury, is insufficient to warrant imposition of a temporary restraining order.

Although it is in the public interest to ensure an inmate's safety while housed in a state facility, in this instance, the record presently does not support the finding that a temporary restraining order is justified to ensure such public interest. Accordingly, Plaintiff's motion for a temporary restraining order should be denied.

## II.

## RECOMMENDATION

Based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's motions for a temporary restraining order and preliminary injunction be DENIED.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may

//
//
//
//
//
//

1   result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014)
2   (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

4   IT IS SO ORDERED.

5   Dated:     **April 23, 2015**
6                                              UNITED STATES MAGISTRATE JUDGE