1

2

3

4

5

6

7

8            **UNITED STATES DISTRICT COURT**

9            **EASTERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| CHESTER RAY WISEMAN, | )   Case No.: 1:14-cv-00831-DAD-SAB (PC) |
| Plaintiff, | )<br>)<br>) |
| v. | )   FINDINGS AND RECOMMENDATION<br>)   RECOMMENDING PLAINTIFF'S MOTION FOR<br>)   TEMPORARY RESTRAINING ORDER AND |
| MATTHEW CATE, et al., | )   PRELIMINARY INJUNCTION BE DENIED<br>) |
| Defendants. | )   [ECF No. 64]<br>) |
| _____ | ) |

17          Plaintiff Chester Ray Wiseman is appearing pro se and in forma pauperis in this civil rights

18    action pursuant to 42 U.S.C. § 1983.

19          Currently before the Court is Plaintiff's motion for a temporary restraining order and

20    preliminary injunction, filed February 22, 2016.  (ECF No. 64.)  Because Plaintiff's motion must be

21    denied, the Court elects to issue its ruling prior to the expiration of time for Defendants to file a

22    response pursuant to Local Rule 230(l).

23                                             **I.**

24                                       **DISCUSSION**

25          The purpose of a temporary restraining order or a preliminary injunction is to preserve the

26    status quo if the balance of equities so heavily favors the moving party that justice requires the court to

27    intervene to secure the positions until the merits of the action are ultimately determined.  University of

28    Texas v. Camenisch, 451 U.S. 390, 395 (1981).  "A plaintiff seeking a preliminary injunction [or

                                             1

temporary restraining order] must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008).

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original). A party seeking a temporary restraining order or preliminary injunction simply cannot prevail when that motion is unsupported by evidence.

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95 102 (1983); Valley Forge Christian Coll. V. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

In this case, Plaintiff seeks a court order directing prison officials to provide him with treatment for Hepatitis C; however, the Defendants have filed a motion to dismiss the complaint and the undersigned issued Findings and Recommendations to grant Defendants' motion on December 7, 2015, with leave to amend as to his claim for deliberate indifference to a serious medical need. See City of Los Angeles v. Lyons, 461 U.S. 95, 101-102 (1983) (plaintiff must show "real and immediate" threat of injury, and "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief …. If unaccompanied by any continuing, present, adverse effects."). Plaintiff has not alleged an immediate threatened injury. Los Angeles Memorial Coliseum Comm'n v. Nat'l Football League, 634 F.2d 1197, 1201 (9th Cir. 1980). Plaintiff's request for a preliminary injunction must be denied for the same reasons set forth in the Findings and

2

Recommendations, issued December 7, 2015, in that Plaintiff has failed to state a cognizable claim against any individual for deliberate indifference to a serious medical need and therefore has not shown that he is "likely to succeed on the merits" on any claim, that "the balance of equities tips in his favor," or that the issuance of an injunction in this case would serve the public interest.  Winter, 555 U.S. at 20.  Although Plaintiff has submitted a fourth amended complaint, which was lodged by the Court on February 22, 2016, the Findings and Recommendations have not yet been resolved by the assigned district judge, and the Court has not yet screened Plaintiff's fourth amended complaint pursuant to 28 U.S.C. § 1915A.  Moreover, Plaintiff seeks an order against Dr. Chen who is not a party to the instant action.  "A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; *it may not attempt to determine the rights of persons not before the court*."  Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added).  Accordingly, Plaintiff's request for injunctive relief must be denied.

## II.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motion for injunctive relief be DENIED.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The parties are advised that failure to file objections within the specified time may

///
///
///
///
///
///
///

3

result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).


IT IS SO ORDERED.

Dated:   **February 24, 2016**

UNITED STATES MAGISTRATE JUDGE

4