UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHESTER RAY WISEMAN,<br><br>Plaintiff,<br><br>v.<br><br>MATTHEW CATE, et al.,<br><br>Defendants. | No. 1:14-cv-00831-DAD-SAB (PC)<br><br>ORDER DECLINING IN PART TO ADOPT<br>FINDINGS AND RECOMMENDATIONS<br><br>(Doc. Nos. 36, 40, 42, 55, 64, 67, 71, 72) |

Plaintiff Chester Ray Wiseman is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Six motions are currently pending before the court: a motion to dismiss filed by defendant Biter on April 16, 2015 (Doc. No. 27); a motion to dismiss filed by defendant Trimble (Doc. No. 36); two motions by plaintiff seeking leave to file an amended complaint (Doc. Nos. 40, 42); plaintiff's motion for a temporary restraining order (Doc. No. 64); and plaintiff's motion for return of legal property (Doc. No. 71). The assigned magistrate judge issued findings and recommendations on December 7, 2015 recommending that defendants' motions to dismiss be granted on qualified immunity grounds and that plaintiff's motion for leave to amend be granted only as to plaintiff's claim of deliberate indifference to a serious medical need. (Doc. No. 55.) The magistrate judge also issued findings and recommendations on February 24, 2016 and

1

December 21, 2016 denying plaintiff's motion for a temporary restraining order and plaintiff's motion for return of legal property, respectively. (Doc. Nos. 67, 72.)

The findings and recommendations instructed the parties that any objections thereto should be filed within 30 days of issuance. Plaintiff filed objections to the findings and recommendations addressing defendants' motions to dismiss and plaintiff's motion for leave to amend. (Doc. No. 62.) Plaintiff did not file objections to the findings and recommendations recommending denial of plaintiff's motion for temporary restraining order and return of legal property, and the time for doing so has long since passed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the undersigned concludes that the findings and recommendations are supported by the record and proper analysis in part. In this regard, the undersigned concurs with and adopts the findings and recommendations recommending denial of plaintiff's motion for temporary restraining order and return of legal property. However, the court declines to adopt the findings and recommendations with respect to defendants' motions to dismiss on the basis of qualified immunity for the reasons explained below.

In various decisions, both the Supreme Court and the Ninth Circuit have concluded that exposure to hazardous environmental conditions in a prison, including toxic substances, dangerous work environments, temperature extremes, dangerous diseases, and more, can form the basis of an Eighth Amendment conditions of confinement claim. *See Helling v. McKinney*, 509 U.S. 25, 28–29 (1993) (upholding Eighth Amendment claim based upon exposure to tobacco smoke); *Morgan v. Morgensen*, 465 F.3d 1041, 1047 (9th Cir. 2006) (holding that it was clearly established law that a "safety hazard in an occupational area" violated prisoner's Eighth Amendment rights); *Keenan v. Hall*, 83 F.3d 1083, 1089–90 (9th Cir. 1996) (concluding that deprivation of outdoor exercise, excessive noise and lighting, lack of ventilation, inadequate access to basic hygiene supplies, and inadequate food and water were sufficient to state an Eighth Amendment claim); *Wallis v. Baldwin*, 70 F.3d 1074, 1076–77 (9th Cir. 1995) (noting asbestos exposure could serve as the basis for an Eighth Amendment claim); *Kelley v. Borg*, 60 F.3d 664,

666–67 (9th Cir. 1995) (holding that the law was sufficiently clearly established to allow an Eighth Amendment claim for failing to remove inmate from cell where he was exposed to unidentified "fumes" which rendered him unconscious to proceed); *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) (noting inadequate heat can permit Eighth Amendment claim). This principle is also well-established by the decisions of other circuit courts. *See, e.g., Hinojosa v. Livingston*, 807 F.3d 657, 669 (5th Cir. 2015) (identifying "the well-established Eighth Amendment right not to be subjected to extremely dangerous temperatures without adequate ameliorative measures"); *Powers v. Snyder*, 484 F.3d 929, 931 (7th Cir. 2007) (exposure of prisoner to hepatitis or other serious diseases can state claim under Eighth Amendment); *Vinning-El v. Long*, 482 F.3d 923, 924 (7th Cir. 2007) (noting that "[a]ny number of opinions" demonstrate that environmental conditions such as flooding and exposure to blood and feces in cells can form the basis of an Eighth Amendment claim); *Atkinson v. Taylor*, 316 F.3d 257, 268–69 (3d Cir. 2003) (collecting cases from the Second, Fifth, Sixth, Seventh, and Eighth Circuits concerning exposure to environmental tobacco smoke); *DeSpain v. Uphoff*, 264 F.3d 965, 979 (10th Cir. 2001) (concluding the law was sufficiently clearly established to permit Eighth Amendment claims concerning cells flooded with sewage to proceed); *Shannon v. Graves*, 257 F.3d 1164, 1168 (10th Cir. 2001) (exposure to human waste can state Eighth Amendment claim because it "carries a significant risk of contracting infectious diseases such a Hepatitis A, shigella, and others"); *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001) (Eighth Amendment claim can be based on "showing that the inmate was exposed to unreasonably high levels of environmental toxins"); *Warren v. Keane*, 196 F.3d 330 (2d Cir. 1999) (recognizing Eighth Amendment claims for exposure to both second-hand smoke and asbestos); *LaBounty v. Coughlin*, 137 F.3d 68, 74 (2d Cir. 1998) ("[A] reasonable person would have understood that exposing an inmate to friable asbestos could violate the Eighth Amendment."); *Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir. 1996) (exposure to raw sewage can state Eighth Amendment claim); *Henderson v. DeRobertis*, 940 F.2d 1055, 1059 (7th Cir. 1991) ("The right of prisoners to adequate heat and shelter was known in 1982."); *DeGidio v. Pung*, 920 F.2d 525, 531–33 (8th Cir. 1990) (upholding Eighth Amendment claims based on exposure to tuberculosis);

*see also Johnson v. Epps*, 479 Fed. App'x 583, 590–91 (5th Cir. 2012) (exposure to unsterilized barbering instruments potentially contaminated with HIV-positive blood sufficient to state Eighth Amendment claim); *Loftin v. Dalessandri*, 3 Fed. App'x 658, 660–63 (10th Cir. 2001) (recognizing that an inmate could state an Eighth Amendment claim for exposure to tuberculosis). In short, a reasonable prison official knows the Constitution does not permit him or her to knowingly subject inmates to environmental conditions that pose a serious risk of harm, to their health or otherwise, without seeking to abate those risks.

The judges of the Eastern District of California, where almost all cases involving Eighth Amendment claims based upon exposure to Valley Fever emanate from, have differed on the proper application of qualified immunity in Valley Fever cases. *Compare Allen v. Kramer*, No. 1:15-cv-01609-DAD-MJS, 2016 WL 4613360, at *7–9 (E.D. Cal. Aug. 17, 2016), *with Jackson v. Brown*, 134 F. Supp. 3d 1237, 1248 (E.D. Cal. 2015).[1] Nonetheless, the undersigned concludes that it is inappropriate to hold at the pleading stage—i.e., no matter what the evidence might show—that a prison official could not have reasonably known he was violating the Constitution by intentionally and knowingly exposing a high-risk inmate to an increased risk of contracting Valley Fever. In this regard, a key issue in Eighth Amendment claims such as this one is the level of knowledge that defendants possessed about both the existence and seriousness of the harm which faced plaintiff. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 847 (1994) ("[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."); *Morgan*, 465 F.3d at 1047 (noting that the inmate had alerted prison officials to the hazardous condition but had been ordered to return to work anyway); *Wallis*, 70 F.3d at 1077 (highlighting specific evidence showing the defendants "knew of the existence of and dangers posed by asbestos in the [prison's] attics").

---

[1] In part, due to these seemingly divergent views, the undersigned has delayed issuing this and several other orders in cases involving assertions of a qualified immunity defense to Eighth Amendment claims based upon exposure to Valley Fever. In this regard, the court notes that oral argument was held on May 17, 2017, before the Ninth Circuit in the consolidated matter of *Hines v. Youseff*, Nos. 15-16145, 15-17076, 15-17155, 15-17201 (9th Cir. 2015), in which the issue is presented. That case remains under submission as of the date of this order.

Of course, it is well-established that Valley Fever can pose an objectively serious health risk, at least to certain individuals. As the Ninth Circuit has previously recognized:

> According to the Center for Disease Control and Prevention ("CDC"), "[s]ymptomatic coccidioidomycosis [Valley Fever], which occurs in approximately 40% of all infections, has a wide clinical spectrum, including mild influenza-like illness, severe pneumonia, and disseminated disease." The disseminated form of the disease—that is, when the fungus spreads from the lungs to the body's other organs—is the most serious. Disseminated cocci may cause miliary tuberculosis, bone and joint infections (including osteomyelitis), skin disease, soft tissue abscesses, and meningitis.

*Edison v. United States*, 822 F.3d 510, 514–15 (9th Cir. 2015); *see also Zurich Ins. Co. v. Sigourney*, 278 F.2d 826, 828 (9th Cir. 1960) (noting there was "no doubt" the appellee was "now totally disabled from a disease known as occidioidomycosis—called on the West Coast 'San Joaquin Valley Fever'"). If defendants knew of a serious health risk to plaintiff and nevertheless subjected him to it without a sufficient penological justification—for example, simply because the Supreme Court, Ninth Circuit or district court had not yet ordered them to abate this specific danger—it is doubtful in the undersigned's view that they could avail themselves of the shield of qualified immunity. *See Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011) ("We do not require a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate."); *Hope v. Pelzer*, 536 U.S. 730, 741 (2002) ("Officials can still be on notice that their conduct violates established law even in novel factual circumstances."); *Hamby v. Hammond*, 821 F.3d 1085, 1095 (9th Cir. 2016) ("[A] plaintiff need not find a case with identical facts in order to survive a defense of qualified immunity."); *Serrano v. Francis*, 345 F.3d 1071, 1076–77 (9th Cir. 2003).

While it may become clear through the course of these proceedings that one or more of the allegations of plaintiff's operative complaint are not supported by the evidence, those allegations provide a sufficient basis upon which to deny the invocation of qualified immunity at this stage of the proceedings. *See Keates v. Koile*, 883 F.3d 1228, 1240 (9th Cir. 2018) ("Our denial of qualified immunity at this stage of the proceedings does not mean that this case must go to trial" because "[o]nce an evidentiary record has been developed through discovery, defendants will be free to move for summary judgment based on qualified immunity.") (quoting *O'Brien v.*

*Welty*, 818 F.3d 920, 936 (9th Cir. 2016)). Defendants' motions to dismiss on qualified immunity grounds are therefore properly denied.[2]

With respect to plaintiff's separate cause of action for deliberate indifference to a serious medical need, the undersigned concurs with and adopts the magistrate judge's recommendation that this claim brought by plaintiff be dismissed. The exhibits attached to plaintiff's third amended complaint indicate that plaintiff received medical care for his Hepatitis C condition from doctors and nurses from 2009 to 2010. (*See* Doc. No. 44 at 67–68, 77–86.) Plaintiff's allegations that he did not receive a particular type of treatment alone are thus insufficient to state a claim for deliberate indifference. *Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012) ("A difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference.") (citing *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989)), *overruled in part on other grounds*, *Peralta v. Dillard*, 744 F.3d 1076, 1082–83 (9th Cir. 2014); *Toguchi v. Soon Hwang Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004); *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996). The undersigned also adopts the magistrate judge's recommendation that plaintiff be given an opportunity to amend his complaint as to this claim if he believes he can do so in good faith.

Accordingly,

1. The findings and recommendations issued December 7, 2015 (Doc. No. 55) are adopted in part as follows;
    a. Defendants Biter and Trimble's motions to dismiss (Doc. Nos. 27, 36) based on qualified immunity are denied as to plaintiff's condition of confinement claim relating to exposure to Valley Fever;
    b. Plaintiff's motions for leave to amend his second amended complaint (Doc. Nos. 40 and 42) are granted;

/////

---

[2] Defendant Biter's motion to dismiss also sought dismissal on qualified immunity grounds as to plaintiff's condition of confinement claim based on alleged arsenic-contaminated water. (Doc. No. 27-1 at 12–14.) In moving to amend the complaint, however, plaintiff voluntarily dismissed from this action his claim related to arsenic-contaminated water. (*See* Doc. Nos. 44, 53 at 3.)

6

c. Plaintiff's claim for deliberate indifference to a serious medical need as alleged in his third amended complaint is dismissed with leave to amend;
2. The findings and recommendations issued February 24, 2016 (Doc. No. 67) are adopted in full and plaintiff's motion for temporary restraining order (Doc. No. 64) is denied without prejudice;
3. The findings and recommendations issued December 21, 2016 (Doc. No. 72) are adopted in full and plaintiff's motion for return of legal property (Doc. No. 71) is denied without prejudice; and
4. This matter is referred back to the assigned magistrate judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated: **September 25, 2018**

UNITED STATES DISTRICT JUDGE