# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHESTER RAY WISEMAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MATTHEW CATE, et al.,<br><br>　　　　Defendants. | Case No.: 1:14-cv-00831-DAD-SAB (PC)<br><br>ORDER GRANTING DEFENDANTS' REQUEST TO STAY THE CASE PENDING APPEAL OF DENIAL OF QUALIFIED IMMUNITY<br><br>[ECF No. 81] |

Plaintiff Chester Ray Wiseman is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendants' request to stay the case pending their appeal of the denial of qualified immunity and request to screen Plaintiff's fourth amended complaint, filed November 1, 2018.

## I.

## RELEVANT BACKGROUND

On September 26, 2018, the Court denied Defendants Biter and Trimble's motion to dismiss based on qualified immunity as to Plaintiff's condition of confinement claim in relation to exposure to Valley Fever, and granted Plaintiff leave to file an amended complaint as to Plaintiff's deliberate indifference to a serious medical need claims. (ECF No. 75.)

1

| | |
|---|---|
| 1 | On October 18, 2018, Plaintiff a fourth amended complaint. (ECF No. 77.) |
| 2 | On October 26, 2018, Defendants filed a notice of appeal of the ruling that they are not entitled |
| 3 | to qualified immunity on Plaintiff's conditions of confinement claim. (ECF No. 78.) The appeal was |
| 4 | processed to the United States Court of Appeals for the Ninth Circuit and assigned case number 18- |
| 5 | 17102. (ECF Nos. 79, 80.) |
| 6 | On November 1, 2018, Defendants filed a request to stay the proceedings pending the appeal |
| 7 | and to screen Plaintiff's newly added claims in the fourth amended complaint. (ECF No. 81.) On |
| 8 | November 19, 2018, Plaintiff filed a statement of non-opposition to Defendants' request. (ECF No. |
| 9 | 82.) |

## II.

## DISCUSSION

"District courts have inherent authority to stay proceedings before them." Rohan ex rel. Gates v. Woodford, 334 F.3d 803, 817 (9th Cir. 2003), abrogated on other grounds by Ryan v. Gonzales, 568 U.S. 57 (2013). The power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants." Landis v. North Am. Co., 299 U.S. 248, 254 (1936). The decision whether to stay a civil action is left to the sound discretion of the district court. Rohan, 334 F.3d at 817.

Under 28 U.S.C. § 1291, circuit courts generally lack jurisdiction to hear interlocutory appeals from the denial of summary judgment. However, an exception exists if the movant was denied summary judgment on qualified immunity grounds. Isayeva v. Sacramento Sheriff's Dep't., 872 F.3d 938, 944 (9th Cir. 2017) (citing Knox v. Southwest Airlines, 124 F.3d 1103, 1106 (9th Cir. 1997)). This is because qualified immunity is an immunity from suit rather than merely an affirmative defense, and "the immunity is effectively lost if a case is erroneously permitted to go to trial." Mitchell v. Forsyth, 472 U.S. 511, 512 (1985); see also Isayeva, 872 F.3d at 944-45. Accordingly, the circuit court has jurisdiction over an interlocutory appeal from a denial of summary judgment to "review a denial of qualified immunity where a defendant argues … that the facts, even when considered in the light most favorable to the plaintiff, show no violation of a constitutional right, or no violation of a right that is clearly established in law." Isayeva, 872 F.3d at 945 (internal quotation marks omitted).

Therefore, a properly filed interlocutory appeal of an order denying qualified immunity on summary judgment divests the district court of jurisdiction to proceed to trial, unless the district court certifies in writing that the appeal is frivolous. Chuman v. Wright, 960 F.2d 104, 105 (9th Cir. 1992); see also Behrens v. Pelletier, 516 U.S. 299, 310-11 (1996) (approving the process of certifying an appeal of a denial of qualified immunity as frivolous as it "enables the district court to retain jurisdiction pending summary disposition of the appeal, and thereby minimizes disruption of the ongoing proceedings"); Padgett v. Wright, 587 F.3d 983, 985 (9th Cir. 2009). An appeal is frivolous if the results are obvious, or the arguments are wholly without merit. United States v. Kitsap Physicians Serv., 314 F.3d 995, 1003 n.3 (9th Cir. 2002).

In this case, the Court found that "the Judges of the Eastern District of California, where almost all cases involving the Eighth Amendment claims based upon exposure to Valley Fever emanate from, have differed on the proper application of qualified immunity in Valley Fever cases", but it was determined "that it is inappropriate to hold at the pleading stage—i.e., no matter what the evidence might show—that a prison officials could not have reasonably known he was violating the Constitution by intentionally and knowingly exposing a high-risk inmate to an increased risk of contracting Valley Fever." (ECF No. 75, Order at 4:8-16.) (citations omitted). The Court does not find the instant interlocutory appeal of the denial of qualified immunity to be frivolous. Although the Court found that Defendants were not entitled to qualified immunity at the pleading stage, this does not mean that Defendants' appeal is frivolous, particularly given other district court's determinations. Accordingly, the Court declines to find that Defendants' appeal is frivolous and will grant the stay of this action. In addition, the Court will screen Plaintiff's fourth amended complaint, filed on October 18, 2018, pursuant to 28 U.S.C. § 1915A after the stay is lifted.

///
///
///
///
///
///

## III

## ORDER

Based on the foregoing, it is HEREBY ORDERED that Defendants' request to stay this action and screen Plaintiff's October 18, 2018 complaint is GRANTED.

IT IS SO ORDERED.

Dated: **November 20, 2018**

UNITED STATES MAGISTRATE JUDGE